## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WYNSTINE WILLIAMS,
    Plaintiff,

    v.

MILFORD POLICE DEPARTMENT, et al.,
    Defendants.

No. 3:15-cv-01394 (JAM)

### ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Wynstine Williams has filed an *in forma pauperis* complaint pursuant to 28 U.S.C. § 1983, alleging "racial profiling, humiliation, discrimination, stalking, defamation of character, alienation, harassment, and retaliation" against 13 Connecticut police departments. Plaintiff claims that he is being followed and that unmarked police vehicles and helicopters have passed his house on a daily basis. Doc. #1 at 4. Plaintiff claims that he was sentenced in 2014 for a "B Felony" and that numerous police departments have targeted plaintiff, his family, and friends in retaliation for the sentence he received. *Id*. Plaintiff states, "I believe the following is in retaliation because the judge went against what these departments recommended." *Id*. Plaintiff claims that he has been diagnosed with post-traumatic stress disorder and suffers from mental distress as a result of defendants' actions. *Id*. Plaintiff seeks $7 million in damages.

A federal court may dismiss an *in forma pauperis* action "at any time" if it determines that an action is "frivolous or malicious" or otherwise "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 231–32 (D. Conn. 2010).

Plaintiff's action warrants dismissal under § 1915(e)(2)(B) for at least two reasons. First, a municipal police department is not an entity that is subject to suit under 42 U.S.C. 1983. *See*

*Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163 (D. Conn. 2005); *Jackson v. Waterbury Police Dep't*, 2015 WL 5251533, at \*3 (D. Conn. 2015).

Second, even assuming that the complaint named as defendants any persons or entities that may be subject to suit, the complaint fails to allege with sufficient and intelligible specificity the acts engaged in by each of the named defendants. Instead, the complaint lumps all 13 of the police departments together with respect to the alleged harassing conduct and without identifying dates and locations of specific acts by any one of the defendant police departments. In the absence of reasonable specificity of dates, places, and the involvement of officers from specific police departments, the complaint does not give any of the defendants fair notice of the claims against them.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "A plaintiff fails to satisfy [R]ule 8 [if] the complaint lumps all the defendants together and fails to distinguish their conduct[,] because such allegations fail to give adequate notice to the defendants as to what they did wrong." *Appalachian Enterprises, Inc. v. ePayment Solutions, Ltd.*, 2004 WL 2813121, at \*7 (S.D.N.Y. 2004) (internal quotations and brackets omitted).

The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice and with leave to file an amended complaint if the amended complaint names defendants who may be properly subject to suit under § 1983 and if it contains sufficient factual allegations to give fair and appropriate notice to each defendant of what, when, and where each defendant

engaged in wrongdoing that subjects each defendant to a claim of liability. The clerk shall close

this case subject to reopen if plaintiff chooses to file an amended complaint. Plaintiff should file

such amended complaint no later than 30 days from now on October 28, 2015.

It is so ordered.

Dated at New Haven this 28th day of September 2015.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge